HARDING, Justice,
dissenting.
I respectfully dissent. The facts of this ease make its resolution troublesome. Two persons, both minors, agreed to engage in sexual intercourse. The State filed delinquency charges against one of the minors for violating section 794.05, Florida Statutes (1991), by having unlawful carnal intercourse with the other minor. According to the opinion under review, the trial court, relying on In re T.W., 551 So.2d 1186 (Fla.1989), determined that section 794.05 was unconstitutional. The district court reversed based on the reasoning in Jones v. State, 619 So.2d 418 (Fla. 5th DCA 1993), approved, 640 So.2d 1084 (Fla.1994). The question certified by the district court specifically limits our consideration to whether the privacy amendment of the Constitution renders section 794.05 “unconstitutional as it pertains to a minor’s consensual sexual activity[.]” We have not been asked to determine if the statute is constitutional or not for any other reason. If the statute fails for other reasons, that is a case for another day. In my judgment Jones unequivocally requires us to answer the certified question in the negative. I can find no legitimate basis to go further.